IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** |
| REGIONS FINANCIAL CORPORATION d/b/a REGIONS BANK, | ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act (ADA) of 1990, as amended by the ADA Amendments Act of 2008 (ADAAA), the Age Discrimination in Employment Act (ADEA), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of age and disability and to provide appropriate make whole relief to Margaret Hardy who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 and 10 below, Plaintiff Equal Employment Opportunity Commission alleges that Defendant Regions Bank failed to provide Margaret Hardy a reasonable accommodation in violation of the ADA and discharged Ms. Hardy because of her age, then 61, in violation of the ADEA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12117(a), which incorporates by reference

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a, and pursuant to Section 7(b) of the Age Discrimination in Employment Act (ADEA) of 1967, as amended, 29 U.S.C. §626(b) which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§216(c) and 217.

2. The unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and the ADEA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and pursuant to Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No.1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Regions Bank (the Employer), an Alabama Corporation, has continuously been doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 20 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by

reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h), and within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## CONCILIATION

7. More than thirty days prior to the institution of this lawsuit, Margaret Hardy filed a charge with the Commission alleging violations of Title I of the ADA and the ADEA by Defendant Employer. The Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance through informal methods of conciliation prior to filing this lawsuit. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

8. Since at least February 2010, Defendant Employer has engaged in unlawful employment practices at its Memphis, TN Kirby branch location, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §12112(a). These unlawful practices include Defendant Employer's failure to engage in the interactive process and denial of a reasonable accommodation to Ms. Margaret Hardy because of her disability.

   (a) The Commission alleges that Ms. Hardy is a qualified individual with a disability under the definition of the Americans with Disability Act of 1990, as amended by the ADA Amendments Act of 2008.

   (b) Ms. Hardy has hyperthyroidism.

(c) As a result of her condition, Ms. Hardy's endocrine system function is impeded and substantially limits her by rapidly accelerating her heart rate, causing debilitating fatigue, heightened anxiety and stress, and concentration or memory lapses.

(d) Defendant promoted Ms. Hardy to the Branch Manager position for its Memphis, TN Kirby Parkway location in November 2005.

(e) Ms. Hardy successfully performed the essential functions of her job through 2009 as detailed by her annual performance evaluations.

(f) On or about January 28, 2010, Ms. Hardy was diagnosed with hyperthyroidism and informed Defendant of her condition that same day.

(g) Ms. Hardy went on immediate FLMA leave from January 29, 2010 through February 15, 2010 due to her serious health condition.

(h) Prior to returning to work, Ms. Hardy met with her supervisor Rudy Walker on or about February 11, 2010 about her medical condition and returning to work.

(i) During that meeting, Ms. Hardy requested that Defendant allow her to take a "step back" or voluntary demotion to a less stressful position as a reasonable accommodation because of her medical condition.

(j) Mr. Walker told Ms. Hardy that he would have to discuss the matter with Human Resources and "get back" to her after she completed her FMLA leave.

(k) Later, after a break during their meeting, Mr. Walker advised Ms. Hardy that he had discussed her request with Defendant Human Resources representative Theresa Jacques.

(l) Mr. Walker informed Ms. Hardy that she was not eligible to take a "step back" in position or be voluntarily demoted because she had a pending disciplinary warning in her file.

(m) Defendant did not engage in any further discussions with Ms. Hardy regarding her reasonable accommodation after denying her request.

(n) Defendant did not make any other effort to engage in an interactive process with Ms. Hardy regarding any other accommodation options.

9. The effect of the practices complained of in paragraphs 8(a) through 8(n) above has been to deprive Margaret Hardy of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

10. Since at least June 2010, Defendant engaged in unlawful employment practices at its Memphis, TN branch locations, in violation of Section 4(a) of the ADEA, 29 U.S.C. § 623(a)(1). These unlawful practices include Defendant Employer's discharge of Ms. Hardy because of her age, then 61 years.

(a) Defendant promoted Margaret Hardy to Branch Manager for its Memphis Kirby location in November 2005.

(b) Ms. Hardy was a long term employee having worked for Defendant's predecessor Leader Federal Savings and Loan for approximately thirty-two years.

(c) Ms. Hardy successfully and proficiently performed the duties of the Branch Manager position for several years under multiple Defendant supervisors until Rudy Walker became her immediate supervisor in late 2008.

(d) On April 14, 2009, Defendant Manager Rudy Walker issued Ms. Hardy a Written Warning regarding her performance.

(e) On January 27, 2010, Defendant Manager Rudy Walker issued Ms. Hardy a Final Warning regarding her performance.

(f) Defendant terminated Ms. Hardy as Branch Manager on June 4, 2012.

(g) Defendant treatment of Ms. Hardy, including her discharge, was less favorable than younger similarly situated Branch Managers with documented disciplinary warnings.

(h) Defendant Branch Manager Armen Danilyuk, age 29, received a documented Verbal Warning in January 2010, a Final Written Warning in February 2010, and subsequent Written Warnings in July 2010 and March 2011.

(i) Defendant did not discharge Mr. Danilyuk as a result of these numerous warnings and disciplinary history.

(j) Defendant Branch Manager Yvette Lippett, age 37, also received numerous verbal and written warnings.

(k) Defendant did not discharge Ms. Lippett as a result of her disciplinary history.

(l) Defendant replaced Ms. Hardy with a substantially younger individual, Orlandus Kirby, who was 25 years old.

11. The effect of the practices complained of in paragraphs 10(a) through 10(l) above has been to deprive Margaret Hardy of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

12. The unlawful employment practices complained of in paragraphs 8(a) through 8(n) above were intentional.

13. The unlawful employment practices complained of in paragraphs 8(a) through 8(n) above were done with malice or with reckless indifference to the federally protected rights of Margaret Hardy.

14. The unlawful employment practices complained of in paragraph 10(a) through 10(l) were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying reasonable accommodation requests based on disability.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of age.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities seeking reasonable accommodations, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

E. Order Defendant Employer to make whole Margaret Hardy by providing appropriate back wages in an amount to be determined at trial in an equal sum as liquidated damages and prejudgment interest to Ms. Hardy whose wages are being unlawfully withheld as a result of the acts complained of above.

F. Order Defendant Employer to make whole Margaret Hardy by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative

relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring or reinstatement of Margaret Hardy.

    G.    Order Defendant Employer to make whole Margaret Hardy by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8 and 10 above, including but not limited to, medical expenses in amounts to be determined at trial.

    H.    Order Defendant Employer to make whole Margaret Hardy by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including emotional pain and suffering, humiliation, inconvenience, mental anguish and embarrassment in amounts to be determined at trial.

    I.    Order Defendant Employer to pay Margaret Hardy punitive damages for its malicious and reckless conduct, as described in paragraph 8 above in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel


s/ Faye A. Williams (with permission KPA)
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 011730


s/ Joseph M. Crout (with permission KPA)
Joseph M. Crout
Supervisory Trial Attorney
TN Bar No. 012957


s/ Kenneth P. Anderson
Kenneth P. Anderson
Trial Attorney
D.C.Bar No. 469576

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
1407 Union Avenue, Suite 900
Memphis, TN  38104
(901) 544-0137